Benjamin D. Margo
Praatika Prasad
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Phone: (212) 999-5800
Email: bmargo@wsgr.com
Email: pprasad@wsgr.com

*Counsel for Defendant Google LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SAMANTINA ZENON,<br><br>        Plaintiff,<br>  v.<br><br>GOOGLE, INC. and RECKON MEDIA LLC,<br><br>        Defendants. | Case No. 1:23-cv-10352-LLS |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>DEFENDANT GOOGLE LLC'S MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

                                                  **Page**

INTRODUCTION .................................................................................................................. 1

BACKGROUND ................................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

I.      PLAINTIFF'S CLAIMS ARE BARRED BY SECTION 230 OF THE
COMMUNICATIONS DECENCY ACT................................................................... 3

        A.      Congress Enacted Section 230 to Prevent Online Services From Being
Held Liable for Content Created by Third-Parties................................................. 3

        B.      Section 230 Immunizes Internet Companies Like Google From Claims
Arising Out of Content Originating From a Third Party. ...................................... 4

        C.      Section 230 Bars Plaintiff's Claims Against Google............................................. 8

II.     PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE OF
INCURABLE PLEADING DEFICIENCIES ............................................................ 9

        A.      Plaintiff Fails to State a Claim Against Google for Aiding and Abetting
Fraud. .................................................................................................................. 10

        B.      Plaintiff Fails to State a Claim Against Google for Conspiracy.......................... 12

CONCLUSION.................................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Barnes v. Yahoo!, Inc.*,
  570 F.3d 1096 (9th Cir. 2009) ....................................................................................................6

*Batzel v. Smith*,
  333 F.3d 1018 (9th Cir. 2003) ....................................................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).............................................................................................................10, 12

*Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*,
  206 F.3d 980 (10th Cir. 2000) ....................................................................................................7

*Brikman v. Twitter, Inc.*,
  2020 U.S. Dist. LEXIS 170798 (E.D.N.Y. Sep. 17, 2020).......................................................5

*Brownstone Inv. Grp., LLC v. Levey*,
  468 F. Supp. 2d 654 (S.D.N.Y. 2007)......................................................................................12

*Cagan v. Gadman*,
  2012 U.S. Dist. LEXIS 44250 (E.D.N.Y. Mar. 28, 2012)......................................................12

*Calcutti v. SBU, Inc.*,
  273 F. Supp. 2d 488 (S.D.N.Y. 2003)......................................................................................11

*Calise v. Meta Platforms, Inc.*,
  2022 U.S. Dist. LEXIS 76653 (N.D. Cal. Apr. 27, 2022) .......................................................6

*Chemtex, LLC v. St. Anthony Enters.*,
  490 F. Supp. 2d 536 (S.D.N.Y. 2007)......................................................................................11

*Dyroff v. Ultimate Software Grp., Inc.*,
  934 F.3d 1093 (9th Cir. 2019) ..................................................................................................12

*Finkel v. Facebook, Inc.*,
  2009 N.Y. Misc. LEXIS 3021 (N.Y. Cnty. Sup. Ct. Sept. 16, 2009) .................................3

*Force v. Facebook, Inc.*,
  934 F.3d 53 (2d Cir. 2019).........................................................................................................5

*Goddard v. Google, Inc.*,
  2008 U.S. Dist. LEXIS 101890 (N.D. Cal. Dec. 17, 2008) ............................................7, 8

*Green v. Am. Online (AOL)*,
  318 F.3d 465 (3d Cir. 2003).................................................................................................6, 9

*Klayman v. Zuckerberg*,
  753 F.3d 1354 (D.C. Cir. 2014) ................................................................................................12

*Lasoff v. Amazon.com Inc.*,
    2017 U.S. Dist. LEXIS 11093 (W.D. Wash. Jan. 26, 2017),
    *aff'd*, 741 F. App'x 400 (9th Cir. 2018)...................................................................................7

*Manchanda v. Google*,
    2016 U.S. Dist. LEXIS 158458 (S.D.N.Y. Nov. 16, 2016) ................................................3

*Marshall's Locksmith Serv. v. Google, LLC*,
    925 F.3d 1263 (D.C. Cir. 2019) .........................................................................................6

*Mmubango v. Google, Inc.*,
    2013 U.S. Dist. LEXIS 24989 (E.D. Pa. Feb. 22, 2013) ....................................................9

*Murawski v. Pataki*,
    514 F. Supp. 2d 577 (S.D.N.Y. 2007)............................................................................4, 6

*Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*,
    591 F.3d 250 (4th Cir. 2009) .............................................................................................7

*Noah v. AOL Time Warner, Inc.*,
    261 F. Supp. 2d 532 (E.D. Va. 2003),
    *aff'd*, 2004 U.S. App. LEXIS 5495 (4th Cir. Mar. 24, 2004) ............................................7

*Obado v. Magedson*,
    2014 U.S. Dist. LEXIS 104575 (D.N.J. July 31, 2014)......................................................8

*Pomerance v. McGrath*,
    124 A.D.3d 481 (1st Dep't 2015) .....................................................................................11

*Pozo v. BlueMercury, Inc.*,
    2023 U.S. Dist. LEXIS 135355 (S.D.N.Y. Aug. 3, 2023)................................................10

*Ricci v. Teamsters Union Local 456*,
    2014 U.S. Dist. LEXIS 59414 (S.D.N.Y. Apr. 28, 2014)...................................................4

*Ricci v. Teamsters Union Local 456*,
    781 F.3d 25 (2d Cir. 2015).................................................................................................7

*Ripple Labs Inc. v. YouTube LLC*,
    2020 U.S. Dist. LEXIS 218207 (N.D. Cal. Nov. 20, 2020)................................................4

*Ritani, LLC v. Aghjayan*,
    970 F. Supp. 2d 232 (S.D.N.Y. 2013)..............................................................................10

*Rosetta Stone Ltd. v. Google Inc.*,
    732 F. Supp. 2d 628 (E.D. Va. 2010),
    *aff'd*, 676 F.3d 144 (4th Cir. 2012).....................................................................................6

*Seldon v. Magedson*,
    2012 U.S. Dist. LEXIS 141616 (S.D.N.Y. July 9, 2012) ...................................................5

*Shiamili v. Real Estate Grp. of N.Y., Inc.*,
    17 N.Y.3d 281 (2011).....................................................................................................4, 5

*Silvercreek Mgmt. v. Citigroup, Inc.*,
　　248 F. Supp. 3d 428 (S.D.N.Y. 2017) ................................................................... 10, 11

*SPV OSUS Ltd. v. AIA LLC*,
　　2016 U.S. Dist. LEXIS 69349 (S.D.N.Y. May 24, 2016) ........................................ 11, 12

*Universal Commc'n Sys. v. Lycos, Inc.*,
　　478 F.3d 413 (1st Cir. 2007) ............................................................................................ 4

*Wiener v. Miller*,
　　2023 U.S. Dist. LEXIS 175727 (E.D.N.Y. Sep. 29, 2023) .............................................. 6

*Word of God Fellowship, Inc. v. Vimeo, Inc.*,
　　205 A.D.3d 23 (N.Y. 1st Dep't 2022) ............................................................................... 8

*Ynfante v. Google LLC*,
　　2023 U.S. Dist. LEXIS 96074 (S.D.N.Y. June 1, 2023) ................................. 4, 5, 6, 8, 9

## STATUTES

47 U.S.C. § 230 .................................................................................................................. *passim*

Electronic Communications Privacy Act .................................................................................... 5

## RULES

Fed. R. Civ. P. 9(b) ..................................................................................................... 10, 12, 13

## INTRODUCTION

Defendant Google LLC ("Google")[1] does not belong in this case. Plaintiff's claims against it are barred as a matter of long-standing law.

Plaintiff Samantina Zenon alleges that she clicked on an advertisement created by Reckon Media LLC ("Reckon") that she discovered through a Google search, communicated with the person responsible for the ad, and then paid the advertiser $2,800 to create a Wikipedia page for her—that the advertiser never created. Plaintiff does not and cannot allege that Google created or contributed to the content of the advertisement or that it was otherwise involved in these events. Instead, Plaintiff charges that Google should be responsible for her losses because it improperly published the third party's advertisement.

Plaintiff's claim is foreclosed by the federal statutory immunity afforded to online services by 47 U.S.C. § 230 ( "Section 230" or "CDA"). Section 230 bars claims against services for "publishing" or enabling access to allegedly harmful content created by others. An unbroken line of dozens of cases have applied Section 230 to dismiss such claims, including numerous lawsuits involving third-party advertisements. That is true regardless of the labels the plaintiff attaches to their causes of action. Section 230 compels dismissal with prejudice of Plaintiff's case.

Plaintiff's claims also fail for independent reasons. *First*, Plaintiff's allegations are conclusory, and do not rise to the level of plausibility required by federal pleading standards. *Second*, Plaintiff's claim that Google "aided and abetted" Reckon's fraudulent conduct fails because Plaintiff has not alleged any facts to show that Google had actual knowledge of any fraud or that it substantially assisted in the fraud. *Finally*, Plaintiff has not stated a claim for civil

---

[1] Plaintiff improperly named "Google Inc." as a Defendant. The entity's current name is "Google LLC."

conspiracy to defraud between Google and Reckon because she has not alleged any facts to show that both entities had a corrupt agreement or that Google intentionally acted in any manner to further that agreement.

**BACKGROUND**

Google provides a variety of services to the public through its website located at www.google.com, including an automated search engine. Generally, the links and text displayed in Google search results are pointers to content generated by third parties. Google also operates a self-service advertising platform, allowing third-party advertisers to place ads that appear in connection with search results.

Plaintiff commenced this action in the Civil Court of the City of New York, County of New York ("Civil Court") on August 24, 2023[2] alleging that she was scammed by a third-party advertisement that "came up as a sponsored post (Paid AD) . . . on the google platform." Compl. (ECF No. 1) ¶ 8. Plaintiff alleges that Google refused to "investigate" Plaintiff's claims against the "fake company" using Google to "scam people" and "continue[d] to give them a platform to steal from consumers" resulting in Plaintiff "suffer[ing] money damages" and ruining "her professional life." *Id.* ¶¶ 34; 36; 43; 76.

Notably, Plaintiff does not allege that Google had anything to do with the content of the ad itself. Indeed, Plaintiff's Complaint largely consists of generalized allegations that parrot the elements of the causes of action alleged. *See, e.g., id.* ¶¶ 68-80. For example, Plaintiff claims that Google "aided and abetted Reckon's conduct" but states no facts to plausibly allege that

---

[2] Plaintiff's counsel signed a Summons associated with the lawsuit on September 11, 2023. Google first received a copy of the Summons and Complaint via personal service on November 7, 2023.

Google did so. *Id.* ¶¶ 69-76. Similarly, Plaintiff claims that Google engaged in a conspiracy with Reckon but does not include facts to show how it allegedly did so. *Id.* ¶¶ 78-80.

Based on the conclusory allegation that Google failed to prevent Reckon from perpetuating an internet scam, Plaintiff asserts claims against Google for aiding and abetting and conspiracy. *Id.* ¶¶ 11-15. On that basis, she seeks compensatory and punitive damages, costs, fees, and injunctive relief preventing Google from allowing Reckon to advertise on its service. *Id.* at 7. These claims—which center on the allegation that "Google … allow[ed] Reckon to advertise" (*id.* ¶¶ 75, 78)—fall within the heartland of Section 230 immunity.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS ARE BARRED BY SECTION 230 OF THE COMMUNICATIONS DECENCY ACT

#### A. Congress Enacted Section 230 to Prevent Online Services From Being Held Liable for Content Created by Third-Parties.

Section 230 mandates that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230(c)(1). The statute expressly preempts any state law claims that run afoul of this directive, providing that "[n]o cause of action may be brought and no liability may be imposed under any State or local law that is inconsistent with this section." *Id.* § 230(e)(3); *see also Manchanda v. Google,* 2016 U.S. Dist. LEXIS 158458, at *6-7 (S.D.N.Y. Nov. 16, 2016) (applying Section 230 and dismissing state law tort claims against Google and other search engine companies); *Finkel v. Facebook, Inc.*, 2009 N.Y. Misc. LEXIS 3021, at *2-4 (N.Y. Cnty. Sup. Ct. Sept. 16, 2009) (dismissing "state law claims arising from third-party content" under Section 230). Courts have uniformly read this language to provide interactive computer services with broad immunity from claims that arise from third-party information posted on their platforms. *See Murawski v. Pataki*, 514 F. Supp. 2d 577, 591 (S.D.N.Y. 2007)

(dismissing claim that a search engine company allowed users to find an allegedly harmful third-party website, applying "the CDA's broad immunity"); *Shiamili v. Real Estate Grp. of N.Y., Inc.*, 17 N.Y.3d 281, 288 (2011) ("Both state and federal courts around the country have 'generally interpreted Section 230 immunity broadly.'") (quoting *Universal Commc'n Sys. v. Lycos, Inc.*, 478 F.3d 413, 418 (1st Cir. 2007)).

Congress enacted the CDA to "preserve the vibrant and competitive free market that [existed] for the Internet." *Ricci v. Teamsters Union Local 456*, 2014 U.S. Dist. LEXIS 59414, at *5 (S.D.N.Y. Apr. 28, 2014) (citation omitted). Congress recognized that interactive service providers would be reluctant to make information available if doing so would expose them to liability for content created by others. *See Batzel v. Smith*, 333 F.3d 1018, 1020 (9th Cir. 2003). Accordingly, only those who originally create or develop content on the Internet may be sued in connection with such content; online service providers like Google that help make that content available to users via internet searches, or that publish third-party advertisements, are immune from such claims. *See, e.g.*, *Ynfante v. Google LLC*, 2023 U.S. Dist. LEXIS 96074, at *6 (S.D.N.Y. June 1, 2023) (Section 230 immunizes Google from claims based on advertisements created by third parties that appear next to search results); *Ripple Labs Inc. v. YouTube LLC*, 2020 U.S. Dist. LEXIS 218207, at *17 (N.D. Cal. Nov. 20, 2020) (similar).

### B. Section 230 Immunizes Internet Companies Like Google From Claims Arising Out of Content Originating From a Third Party.

Consistent with its text and purpose, "[b]oth state and federal courts around the country have generally interpreted Section 230 immunity broadly, so as to effectuate Congress's policy choice … not to deter harmful online speech through the … route of imposing tort liability on companies that serve as intermediaries for other parties' potentially injurious messages[.]"

*Shiamili*, 17 N.Y.3d at 288 (collecting cases, cleaned up). It is now beyond dispute that website operators "are shielded from liability arising from … state-law claims that are premised on posts of, or links to, third-party content." *Seldon v. Magedson*, 2012 U.S. Dist. LEXIS 141616, at *56 (S.D.N.Y. July 9, 2012); *accord Ynfante*, 2023 U.S. Dist. LEXIS 96074, at *6 (dismissing state law claims arising from third-party advertisements).

Courts in this circuit have embraced Section 230's broad immunity in the same manner and have applied the CDA to dismiss a variety of claims, including some of the same claims asserted by Plaintiff in this case. *See, e.g.*, *Force v. Facebook, Inc.*, 934 F.3d 53, 61 (2d Cir. 2019) (dismissing claims under Section 230 including aiding and abetting and conspiracy claims); *Brikman v. Twitter, Inc.*, 2020 U.S. Dist. LEXIS 170798, at *8 (E.D.N.Y. Sep. 17, 2020) (dismissing claims under Section 230 including aiding and abetting defamation claim).

Subject to narrow exceptions that are inapplicable here,[3] Section 230(c)'s immunity forbids any claim that would hold an online service liable for hosting, posting, or linking to content created by a third party, regardless of the theory underlying the cause of action. *See* 47 U.S.C. § 230(e)(3) ("No cause of action may be brought and no liability may be imposed under any . . . law that is inconsistent with this section."). "[W]hat matters is not the name of the cause of action—defamation versus negligence versus intentional infliction of emotional distress— what matters is whether the cause of action inherently requires the court to treat the defendant as the 'publisher or speaker' of content provided by another." *Barnes v. Yahoo!, Inc.*, 570 F.3d 1096, 1101-02 (9th Cir. 2009).

---

[3] Section 230 recognizes only a handful of exceptions. Prosecutorial enforcement of federal criminal laws is outside the ambit of immunity, as are civil claims for violation of the Electronic Communications Privacy Act, sex trafficking laws, and federal intellectual property rights. *See* 47 U.S.C. §§ 230(e)(1), (2), (4), and (5). None of these exceptions apply here.

Section 230 immunity also extends to the service provider's decisions about how to treat potentially objectionable material—such as a decision not to take action against third-party advertisers as Plaintiff requested here.  Section 230 "specifically proscribes liability" for claims which seek to hold a provider liable for decisions about monitoring, screening, or removing material—"actions quintessentially related to a publisher's role."  *Ynfante*, 2023 U.S. Dist. LEXIS 96074, at *6 (quoting *Green v. Am. Online (AOL)*, 318 F.3d 465, 471 (3d Cir. 2003)); *see also Murawski*, 514 F. Supp. 2d at 591 ("Deciding whether or not to remove content or deciding when to remove content falls squarely within Ask.com's exercise of a publisher's traditional role and is therefore subject to the CDA's broad immunity.").  This includes claims against platforms like Google "for negligent publication of advertisements that cause harm to third parties." *Barnes*, 570 F.3d at 1101; *Ynfante*, 2023 U.S. Dist. LEXIS 96074, at *6 (dismissing claims against Google under CDA arising from display of alleged "scam advertisement"); *Wiener v. Miller*, 2023 U.S. Dist. LEXIS 175727, at *3 (E.D.N.Y. Sep. 29, 2023) (dismissing claims under CDA where defendant advertised a home rental by "merely transmit[ting] information provided by third-party property owners"); *Calise v. Meta Platforms, Inc.*, 2022 U.S. Dist. LEXIS 76653, at *9 (N.D. Cal. Apr. 27, 2022) (dismissing claims arising from alleged "deceptive advertisements" because CDA bars such claims); *Marshall's Locksmith Serv. v. Google, LLC*, 925 F.3d 1263, 1267-72 (D.C. Cir. 2019) (affirming dismissal under the CDA of various claims against Google arising from the display of an alleged "scam" business in Google's search results and maps services); *Rosetta Stone Ltd. v. Google Inc.*, 732 F. Supp. 2d 628, 632-33 (E.D. Va. 2010) (finding Google "cannot be liable for the actions of third party advertisers" who place ads on its platform), *aff'd*, 676 F.3d 144 (4th Cir. 2012); *Goddard v. Google, Inc.*, 2008 U.S. Dist. LEXIS 101890, at *18-20 (N.D. Cal. Dec. 17, 2008) (dismissing claims that Google failed to

protect consumers from fraudulent ads appearing on its platform, because such claims "would hold Google responsible for third-party content"); *Lasoff v. Amazon.com Inc.*, 2017 U.S. Dist. LEXIS 11093, at *3-4, *8-9 (W.D. Wash. Jan. 26, 2017) (dismissing claims against Amazon arising from ads for counterfeit products that violated Amazon's policies, because "[t]he content … is provided by third parties"), *aff'd*, 741 F. App'x 400 (9th Cir. 2018).

Claims for injunctive relief are equally barred. Courts consistently refuse to order interactive computer services to remove content authored by other information content providers. *See, e.g.*, *Ben Ezra, Weinstein, & Co. v. Am. Online Inc.*, 206 F.3d 980, 983-86 (10th Cir. 2000) (holding that section 230 immunized a computer service provider from a suit for damages and injunctive relief); *Noah v. AOL Time Warner, Inc.*, 261 F. Supp. 2d 532, 540 (E.D. Va. 2003) ("Indeed, given that the purpose of § 230 is to shield service providers from legal responsibility for the statements of third parties, § 230 should not be read to permit claims that request only injunctive relief."), *aff'd*, 2004 U.S. App. LEXIS 5495 (4th Cir. Mar. 24, 2004).

Finally, the application of Section 230(c) is appropriate at the pleading stage of a case. Indeed, immediate dismissal is especially warranted because Section 230 "immunity is an immunity from suit rather than a mere defense to liability and it is effectively lost if a case is erroneously permitted to go to trial." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254-55 (4th Cir. 2009) (cleaned up). Courts therefore "aim to resolve the question of § 230 immunity at the earliest possible stage of the case because that immunity protects websites not only from 'ultimate liability,' but also from 'having to fight costly and protracted legal battles.'" *Id.* at 255 (cleaned up); *see also Ricci v. Teamsters Union Local 456*, 781 F.3d 25, 28 (2d Cir. 2015) (CDA immunity supports dismissal if "the statute's barrier to suit is evident from

the face of the complaint"); *Word of God Fellowship, Inc. v. Vimeo, Inc.,* 205 A.D.3d 23, 25-26 (N.Y. 1st Dep't 2022) (same).

C.     **Section 230 Bars Plaintiff's Claims Against Google.**

Here, Plaintiff's claims are barred by Section 230 because: (1) Google is a provider of "interactive computer service[s]"; (2) the allegedly harmful content originated from "another information content provider;" and (3) the claims seek to treat Google as a "publisher or speaker" of that third-party content.  *See* 47 U.S.C. § 230(c)(1).

*First*, there can be no dispute that Google is a provider of an "interactive computer service."  The CDA defines "interactive computer service" as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server."  *Id.* 230(f)(2).  Google's search engine allows millions of users to find and share information on the Internet.  It is a paradigmatic "interactive computer service."  *See Ynfante*, 2023 U.S. Dist. LEXIS 96074, at *6 ("Google is the provider of an interactive computer service."); *see also, e.g.*, *Goddard*, 2008 U.S. Dist. LEXIS 101890, at *5 (Google is an interactive computer service with respect to ads created by third parties); *Obado v. Magedson*, 2014 U.S. Dist. LEXIS 104575, at *12 (D.N.J. July 31, 2014) (similar).

*Second,* the content in the allegedly fraudulent advertisement originated from "another information content provider."  47 U.S.C. § 230(c)(1).  The CDA defines "information content provider" as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the internet or any other interactive computer service."  *Id.* § 230(f)(3).  Thus, information is provided by "another information content provider" whenever the "defendant did not create or author the statement in controversy."  *Mmubango v. Google, Inc.*, 2013 U.S. Dist. LEXIS 24989, at *6 (E.D. Pa. Feb. 22, 2013).  Here, Plaintiff has not alleged that Google created or participated in the creation of the purported

advertisement that allegedly led to her being scammed. Nor can she. Like in *Ynfante*, the scam advertisement was allegedly "produced by a third party who then submitted the advertisement to Google for publication." *Ynfante*, 2023 U.S. Dist. LEXIS 96074, at *7. Specifically, Plaintiff alleges that the advertisement was created by Reckon—"another information content provider." 47 U.S.C. § 230(c)(1); *see also* Compl. ¶¶ 34-61.

*Third*, each of Plaintiff's claims attempts to treat Google as the publisher of the alleged offending content that was created by a third party. Plaintiff's claims are all premised on the allegation that Google allowed the purported scam advertisement to remain on its platform. Compl. ¶¶ 41, 43, 75, 78. Thus, Plaintiff seeks to hold Google liable for its exercise of a "publisher's traditional editorial functions," such as "deciding whether to publish, withdraw, postpone, or alter content." *Green*, 318 F.3d at 471 (cleaned up); *see also Ynfante*, 2023 U.S. Dist. LEXIS 96074, at *6-7 (failing to "block a third-party advertisement for publication on its search pages" is "squarely within the exercise of a publisher's role").

Additionally, Google is protected regardless of whether it chose to remove or not remove the advertisement, even if Google was on notice that the advertisement was fraudulent as Plaintiff alleges. Compl. ¶¶ 33-39. Section 230 mandates that "Google cannot be held liable for failing to withdraw [a] statement once it has been published." *Mmubango*, 2013 U.S. Dist. LEXIS 24989, at *8.

Because all three elements for Section 230 immunity are satisfied here, Plaintiff's claims against Google must be dismissed with prejudice.

**II.     PLAINTIFF'S CLAIMS SHOULD BE DISMISSED BECAUSE OF INCURABLE PLEADING DEFICIENCIES**

Although the Court need not go further, the individual claims against Google also fail because Plaintiff has not alleged sufficient facts to support either claim.

To withstand a 12(b)(6) motion to dismiss, the plaintiff must state the "grounds" of the allegations, which "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Pozo v. BlueMercury, Inc.*, 2023 U.S. Dist. LEXIS 135355, at *4-5 (S.D.N.Y. Aug. 3, 2023) (same). Said differently, "[p]laintiffs must allege sufficient facts to nudge their claims across the line from conceivable to plausible." *Ritani, LLC v. Aghjayan*, 970 F. Supp. 2d 232, 246 (S.D.N.Y. 2013) (cleaned up). Further, "allegations in a complaint must be complete enough to enable a reader to understand how each defendant was personally involved in the wrongdoing plaintiff is alleging." *Id.* Even if read broadly, Plaintiff's allegations fail to meet the *Twombly* standard.

### A. Plaintiff Fails to State a Claim Against Google for Aiding and Abetting Fraud.

Plaintiff makes a conclusory allegation that Google aided and abetted Reckon's allegedly fraudulent conduct. *See* Compl. at 6 (Count II: "Google's Aiding and Abetting Reckon"). Yet Plaintiff fails to allege sufficient facts to support such a claim. "A complaint states a claim for aiding and abetting fraud by alleging, consistent with the heightened pleading standard of Rule 9(b): (1) a fraud; (2) the defendant's actual knowledge of the fraud; and (3) the defendant's substantial assistance to the fraud." *Silvercreek Mgmt. v. Citigroup, Inc.*, 248 F. Supp. 3d 428, 442 (S.D.N.Y. 2017).

Even if Plaintiff had met the heightened pleading standard required to state a cause of action for fraud (which she has not), Plaintiff's claim against Google for aiding and abetting that fraud must fail. "The burden of demonstrating actual knowledge, although not insurmountable, is nevertheless a heavy one." *Chemtex, LLC v. St. Anthony Enters.*, 490 F. Supp. 2d 536, 546 (S.D.N.Y. 2007) (cleaned up). Here, Plaintiff has not met the heavy burden. Plaintiff does not

allege, as she must, that Google had "actual knowledge of the fraud" or that it "substantial[ly] assist[ed in] the [underlying] fraud." *Silvercreek Mgmt.*, 248 F. Supp. 3d at 442.  Instead, she merely claims that Google "aided Reckon by providing support and assistance" and "[n]otwithstanding Ms. Zenon's complaints about Reckon, Google did nothing to prevent this scammer from taking place [sic]" and "did nothing to remove the scammer from its advertising." Compl. ¶¶ 69-73.  Notably, Plaintiff does not allege that Google had knowledge of the alleged fraud *before* Plaintiff was harmed.  Notifying Google of the alleged fraud after Plaintiff had already suffered harm (*id.* ¶¶ 33-39) is not enough to show actual knowledge.  *See Silvercreek Mgmt.*, 248 F. Supp. 3d at 442.

Further, Plaintiff has not shown that Google substantially assisted Reckon in the perpetuation of any fraud. "Substantial assistance requires the plaintiff to allege that the actions of the aider/abettor proximately caused the harm on which the primary liability is predicated." *SPV OSUS Ltd. v. AIA LLC*, 2016 U.S. Dist. LEXIS 69349, at *19 (S.D.N.Y. May 24, 2016) (cleaned up).  "Merely pleading 'but for' causation is not enough." *Id.*  Additionally, "the mere inaction of an alleged aider and abettor constitutes substantial assistance only if the defendant owes a fiduciary duty directly to the plaintiff." *Pomerance v. McGrath*, 124 A.D.3d 481, 485 (1st Dep't 2015) (cleaned up); *see also Calcutti v. SBU, Inc.*, 273 F. Supp. 2d 488, 494 (S.D.N.Y. 2003) ("It is well settled that without an independent duty to disclose, mere inaction does not amount to substantial assistance for purposes of determining aider and abettor liability.").

Plaintiff's claims regarding Google involve mere inaction on the part of Google—not substantial assistance.  Compl. ¶¶ 41-43.  And, at most, Plaintiff's allegation that Google harmed her by "[doing] nothing to prevent this scammer" (*id.* ¶ 71), is a "but-for" theory of causation. *See SPV OSUS*, 2016 U.S. Dist. LEXIS 69349, at *19 (dismissing aiding and abetting claim

where allegation was limited to a but-for theory of causation). This allegation is not sufficient to show substantial assistance, especially given that there are no allegations that Google owes a fiduciary duty directly to the Plaintiff (nor can there be). *See Dyroff v. Ultimate Software Grp., Inc.*, 934 F.3d 1093, 1101 (9th Cir. 2019) ("No website could function if a duty of care was created when a website facilitates communication, in a content-neutral fashion, of its users' content."); *Klayman v. Zuckerberg*, 753 F.3d 1354, 1359-60 (D.C. Cir. 2014) (no special relationship between social media company and its users).

### B. Plaintiff Fails to State a Claim Against Google for Conspiracy.

To establish a claim for civil conspiracy to defraud under New York law, a plaintiff must state a claim for fraud and also show the elements of a conspiracy: "(1) a corrupt agreement between two or more parties; (2) an overt act in furtherance of the agreement; (3) the parties' intentional participation in the furtherance of a plan or purpose; and (4) resulting damage or injury." *Cagan v. Gadman*, 2012 U.S. Dist. LEXIS 44250, at *14-15 (E.D.N.Y. Mar. 28, 2012) (cleaned up). "[T]o survive a motion to dismiss, a complaint must contain more than general allegations in support of the conspiracy [to defraud]. Rather, it must allege the specific times, facts, and circumstances of the alleged conspiracy." *Brownstone Inv. Grp., LLC v. Levey*, 468 F. Supp. 2d 654, 661 (S.D.N.Y. 2007) (cleaned up) (citing Fed. R. Civ. P. 9(b)).

Here, though Plaintiff includes a "formulaic recitation of the elements of [her] cause of action," *Twombly*, 550 U.S. at 555, she does not allege any facts to support it, much less the specific times, facts, and circumstances of the conspiracy she is attempting to allege. Compl. ¶¶ 77-80. For example, Plaintiff's allegation that "Google's agreement with Reckon provided support for what Reckon demanded" (*id.* ¶ 79) does nothing to suggest that an agreement to defraud even existed, much less allege conspiracy to commit fraud with the heightened

-13-

particularity required under Federal Rule of Civil Procedure 9(b).  That pleading failure alone requires dismissal of her conspiracy claim.

## CONCLUSION

For the foregoing reasons, Google respectfully requests that this Court dismiss Plaintiff's claims against Google with prejudice.


Dated: December 4, 2023            Respectfully submitted,

                                   WILSON SONSINI GOODRICH & ROSATI
                                   Professional Corporation

                                   s/ *Benjamin D. Margo*
                                   Benjamin D. Margo (bmargo@wsgr.com)
                                   Praatika Prasad (pprasad@wsgr.com)
                                   1301 Avenue of the Americas, 40th Floor
                                   New York, New York 10019
                                   Telephone: (212) 999-5800
                                   Facsimile: (866) 974-7329
                                   Email: bmargo@wsgr.com
                                   Email: pprasad@wsgr.com

                                   *Attorneys for Defendant Google LLC*

## CERTIFICATE OF SERVICE

I, BENJAMIN D. MARGO, hereby certify that on December 4, 2023, I caused a copy of the above document to be served as follows:

**Via U.S. Mail and Email**
Alfred C. Constants III
Constants Law Offices, LLC
115 Forest Avenue, Unit 331
Locust Valley, New York 11560
Email: Constantslaw49@gmail.com

*Counsel for Plaintiff Samantina Zenon*

**Via U.S. Mail**
Reckon Media LLC
1910 Pacific Ave., Suite #8025
Dallas, Texas 75201

**Via Registered Agent**
Reckon Media LLC
c/o Harvard Business Services, Inc.
16192 Coastal Hwy
Lewes, DE 19958

*Defendant*

Dated: December 4, 2023

Respectfully submitted,

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

s/ *Benjamin D. Margo*
Benjamin D. Margo (bmargo@wsgr.com)
Praatika Prasad (pprasad@wsgr.com)
1301 Avenue of the Americas, 40th Floor
New York, New York 10019
Telephone: (212) 999-5800
Facsimile: (866) 974-7329
Email: bmargo@wsgr.com
Email: pprasad@wsgr.com

*Attorneys for Defendant Google LLC*